| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RP GOLDEN STATE MANAGEMENT, LLC; ASHA DESAI; and PAUL DESAI, <br><br>Plaintiffs, <br><br>v. <br><br>JESSE J. THALER, et al., <br><br>Defendants. | Case No.: 1:20-cv-1480 DAD JLT <br><br> ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED |

Plaintiffs commenced this action by filing a complaint on October 13, 2020. As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1915(a). However, the Court may authorize the commencement of an action without the filing fee "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefore." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* ("IFP") is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Because Plaintiffs failed to pay the requisite filing fee, the matter cannot proceed before the Court at this time. On October 21, 2020, the Court issued an order directing Plaintiffs to pay the filing fee or file a motion to proceed IFP within twenty-one days of the date of service. (Doc. 2) Thus, Plaintiffs were to respond to the order no later than November 16, 2018. (*See id.* at 2). In addition,

the order contained a notice to Plaintiffs that "<u>[f]ailure to comply with this order may result in dismissal of this action pursuant to Local Rule 110</u>." *Id.* at 2 (emphasis in original). Nevertheless, Plaintiffs failed to comply with or otherwise respond to the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiffs are **ORDERED** to show cause within fourteen days why the action should not be dismissed for failure to comply with the Court's order, or in the alternative, to pay the filing fee or file a motion to proceed *in forma paurperis*.

IT IS SO ORDERED.

Dated: **November 17, 2020**          /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE